**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| SHAJANAND 1, LLC, d/b/a BP FOODS MART #21, : : : Plaintiff, : : v. : : OWNERS INSURANCE COMPANY, : : Defendant. : : | Case No. 1:13-CV-47 (WLS) |

**ORDER**

Before the Court is Plaintiff Shajanand 1, LCC d/b/a BP Food Mart #21's Motion to Quash Subpoena Issued to People South Bank. (Doc. 13.) For the following reasons, Plaintiff's Motion to Quash (Doc. 13) is **DENIED**.

**RELEVANT PROCEDURAL and FACTUAL BACKGROUND**

Plaintiff initially filed its Complaint in the Superior Court of Dougherty County, Georgia, on February 27, 2013, alleging state law claims for bad faith, breach of contract, and negligence. Defendant removed this action to this Court on March 26, 2013, on the basis that there exists diversity between the parties and an amount in controversy in excess of $75,000. Defendant served a subpoena on PeopleSouth Bank ("PSB") on June 20, 2013, commanding it to produce:

> A complete bank records file for Shajanand 1, LLC d/b/a BP Food Mart #21 and/or Mr. Nainesh Patel. Documents should include, but not limited to, monthly bank statements, checks, withdrawal and deposit slips, all documents related to each and every United States Treasury check deposited into any and all accounts held by Shajanand and/or Mr. Patel, correspondence, communications, notes, any and all documents provided to the U.S. Attorney and/or Secret Service, and any and all other documents and/or records for Shajanand and/or Mr. Nainesh Patel for the period from January 1, 2011 through present day.

1

(Doc. 13-1, Ex. A.)  On July 1, 2013, Plaintiff moved to quash the subpoena, asserting that the requested documents are not relevant and are privileged.  (Doc. 13.)  Per Plaintiff, the subpoena is overly broad in that it requests all banking records from January 1, 2011 to the present, though the time period involved the treasury checks only encompasses March 3, 2011 to May 2, 2011.  (*Id.* ¶ 3.)  Plaintiff also objects to the subpoena request for the banking records of Nainesh Patel because, although he is the owner of the BP station, he is not a party to the case.[1]  (*Id.* ¶ 4.)

On August 1, 2013, Defendant responded to Plaintiff's Motion to Quash.  (Doc. 18.)  In its response, Defendant informed the Court that it voluntarily agreed to limit its subpoena request to the period January 1, 2011 through September 30, 2011.  (*Id.* at 2.)  Additionally, Plaintiff agreed to the production of all records related to Shajanand 1, LLC during the limited time period.  As such, the only issue remaining is whether nonparty Nainesh Patel's personal account records are relevant.

## DISCUSSION

Generally, parties are entitled to discover information that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence"—that is, such information must be "relevant to the claim or defense of any party."  Fed. R. Civ. P. 26(b)(1).  "[A] subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies," however, must be quashed or modified by the issuing court on timely motion.  Fed. R. Civ. P. 45(c)(3)(A)(iii).  The party moving to quash the subpoena bears the burden of establishing that its request should be granted.

---

[1] Since Mr. Patel is not a party to this motion, the Court is assuming that Plaintiff Shajanand 1, LLC d/b/a BP Food Mart #21 asserts its right to object to the subpoena on behalf of Nanesh Patel on the grounds that Shajanand has a "personal right or privilege with respect to" Mr. Nanesh's personal banking records.  *Westernbank Puerto Rico v. Kachkar*, No. 07-23272, 2008 WL 564614, at *1 (S.D. Fla. Feb. 28, 2008) (collecting cases).

*Bledsoe v. Remington Arms Co., Inc.*, No. 1:09-CV-69, 2010 WL 147052, at *1 (M.D. Ga. Jan. 11, 2010) (citing *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).

Subpoenas issued to nonparties are governed by Federal Rule of Civil Procedure 45. A subpoena issued to a nonparty "may be quashed if it calls for 'clearly irrelevant' matter, but the court need not determine the admissibility of documents prior to trial or quash a subpoena demanding their production if there is any ground on which they might be relevant." *Bailey Indus., Inc. v. CLJP, Inc.*, 270 F.R.D. 662, 667 (N.D. Fla. 2010) (citations omitted). However, "[c]ourts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Plaintiff objects to the production of the records of any "personal" account Mr. Patel may have with PSB on the sole ground that Mr. Patel is not a party to this case. The Court, however, concludes that Mr. Patel, as the insured on the policy at issue and the owner of the check-cashing business, has not sufficiently demonstrated that his own personal account records are not relevant to his claim on behalf of his business. Defendant alleged that Mr. Patel "stated that he cashed the checks that form the basis of this litigation in 'his' accounts." (Doc. 18 at 6.) Defendant also contends that "[i]t is unclear whether Mr. Patel utilized personal accounts and/or loans to repay his bank or whether he utilized only his business accounts." (*Id.*) Per Defendant, since Plaintiff's damages are based on the money repaid to PSB, Defendant has a right to verify what funds were used to repay the Bank and where the funds were obtained. (*Id.*) Aside from merely arguing that Mr. Patel is not a party to the case, Plaintiff has made no attempt to

3

rebut the assertion that Mr. Patel's personal accounts are directly implicated in this case via his own vague admissions about the accounts used to cash checks and the circumstances surrounding his repayment to the Bank. (*See generally* Doc. 13.) As such, Defendant has sufficiently shown that the personal banking records of Mr. Patel would be relevant to his insurance claim. Accordingly, Plaintiff's Motion to Quash (Doc. 13) is **DENIED**. The requested records for the period agreed to shall be made available and produced **not later than fourteen (14) days** after entry of this order.

**SO ORDERED**, this   3rd   day of September, 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**